1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

**SUM-100**

| | | |
|---|---|---|
| **SUMMONS** **BY FAX** (CITACION JUDICIAL) | | *FOR COURT USE ONLY* *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NFI Interactive Logistics, LLC, a New Jersey Company; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Gaspar Cuevas, an individual and all individual Plaintiffs on Behalf of themselves and all other similarly situated non exempt former and current employees

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 22 2018

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: *CASE NUMBER:*
*(El nombre y dirección de la corte es:)* Central District - Stanley Mosk *(Número del Caso:)*

BC698831

111 N. Hill St.
Los Angeles, CA 90012

D.308

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Grant J. Savoy, Esq.; 316 W. 2nd St., Ste. 1200, Los Angeles, CA 90012, Tel: (213) 814-4940

| DATE: March 22, 2018 MAR 22 2018 | SHERRI R. CARTER Clerk, by | M. Soto , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* NFI Interactive Logistics, LLC a New Jersey Company

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*

4. [✓] by personal delivery on *(date):* 3/23/18

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 22 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**BY FAX**

**SOLOUKI | SAVOY, LLP**

1

**SOLOUKI | SAVOY, LLP**
316 W. 2nd Street, Suite 1200

2  Los Angeles, CA 90012
Tel: (213) 814-4940

3  Fax: (213) 814-2550
GRANT JOSEPH SAVOY (SBN: 284077)

4  SHOHAM J. SOLOUKI (SBN: 278538)

5

6  Attorneys for Plaintiff GASPAR CUEVAS and CLASS MEMBERS

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT
UNLIMITED JURISDICTION

10

11                                          Case No.:        BC 6 9 8 8 3 1
GASPAR CUEVAS, an individual;

12  and ALL INDIVIDUAL PLAINTIFFS ON        Class ACTION COMPLAINT FOR:
BEHALF OF THEMSELVES AND ALL

13  OTHER SIMILARLY SITUATED NON-
EXEMPT FORMER AND CURRENT           1.  **FAILURE TO PAY OVERTIME**

14  EMPLOYEES;                                  **WAGES**[Cal. Lab. Code §510];

15                                          2.  **FAILURE TO PROVIDE MEAL**
**BREAKS**[Cal. Lab. Code §226.7];

16          Plaintiff,                      3.  **FAILURE TO PROVIDE REST**
**BREAKS**[Cal. Lab. Code §226.7];

17       vs.                                4.  **WAITING TIME PENALTIES** [Cal.
Labor Code §§201-203];

18  NFI INTERACTIVE LOGISTICS, LLC, a
New Jersey Company and DOES 1 through 10,  5.  **FAILURE TO PAY ALL HOURS**

19  inclusive,                                  **WORKED** [Cal. Labor Code §204];

20          Defendants.                     6.  **FAILURE TO PROVIDE ACCURATE**
**WAGE STATEMENTS** [Cal. Labor

21                                              Code §226];

22                                          7.  **VIOLATION OF CAL. BUS. & PROF.**
**CODE §17200, et seq.;**

23

24                                              **JURY TRIAL DEMANDED**
**(UNLIMITED JURISDICTION –**

25                                              **AMOUNT IN CONTROVERSY OVER**
**$25,000)**

26

27

28

1

Case No.:                    COMPLAINT FOR DAMAGES

COMES NOW Plaintiff GASPAR CUEVAS, an individual over the age of 18, for causes of action against Defendants NFI INTERACTIVE LOGISTICS, LLC (hereinafter referred to as "NFI" or "Defendant") and DOES 1 through 10, inclusive (hereinafter collectively referred to as "Defendants").  Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     At least some of the acts complained of herein occurred in Los Angeles County, as Defendants employed the named Plaintiff and numerous other members of the Plaintiff Class in the County of Los Angeles at some time relevant to the facts complained of herein. Jurisdiction and venue are proper in this Court because some or all of the claims alleged herein arose in Los Angeles County and some or all of the Defendants were and/or are residents of Los Angeles County, and/or are doing or did business in Los Angeles County, and/or their principal place of business is in Los Angeles, at times relevant herein.

2.     The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest and costs. However, each individual Plaintiff Class Member is owed less than $75,000, and the aggregate amount owed for the class does not exceed $5,000,000.

## PARTIES

3.     Plaintiff GASPAR CUEVAS (hereinafter referred to as "Plaintiff" or "CUEVAS"), an individual, alleges knowledge as to his own, and information and belief as to all other matters, as follows: Plaintiff was, at all times mentioned herein, a resident of the County of Los Angeles, in the State of California.  Plaintiff Cuevas was employed by Defendants NFI INTERACTIVE LOGISTICS, LLC from October 2015 until November 30, 2017.

4.     Defendant NFI INTERACTIVE LOGISTICS, LLC (hereinafter referred to as "Defendant" or "NFI ") is and was, at all times mentioned herein, a Limited Liability Company in the state of New Jersey, and is authorized and doing business in the County of Los Angeles, State of California at various locations.  At all material times alleged herein, Defendant NFI was subject to the laws and regulations of the State of California, including but not limited to the California Labor Code ("Cal. Labor Code" or "Labor Code") and

SOLOUKI | SAVOY, LLP

2

1   applicable Industrial Welfare Commission Orders.

2   　　　5.　　Plaintiff is ignorant of the true names of Defendants DOES 1 through 10,

3   inclusive, and has therefore sued them by the above names which are fictitious.  Plaintiff will

4   amend this complaint by inserting true names in lieu of the fictitious names, together with apt

5   and proper charging words, when the true names are ascertained.  Plaintiff is informed and

6   believes, and thereupon alleges, that each of the Defendants designated in this Complaint as

7   DOES are responsible and liable to Plaintiff and Plaintiff Class in some manner for the

8   events, happenings, and contentions referred to in this complaint.  All references in this

9   complaint to "Defendants" shall be deemed to include Defendants NFI and all DOE

10   Defendants collectively.

11   　　　6.　　Plaintiff is informed and believes, and thereon alleges, that each Defendant,

12   including DOES, was and is the agent, employee, servant, subsidiary, partner, member,

13   associate, or representative of each other Defendant, including DOES, and all of the things

14   alleged to have been done by the Defendants, and each of them, were done in the course and

15   scope of the agency, employment, service, or representative relationship and with the

16   knowledge and consent of their respective principals, employers, masters, parent

17   corporations, partners, members, associates, or representatives.

18   　　　7.　　Some or all of the unlawful practices and tortious conduct complained of herein

19   occurred in the County of Los Angeles, State of California.

20   　　　　　　**FACTS COMMON TO ALL CAUSES OF ACTION**

21   　　　8.　　While Plaintiff and Plaintiff Class Members were employed as non-exempt

22   Employees, Plaintiff and the Plaintiff Class routinely worked periods of four (4) hours or

23   more, twice per workday, without receiving two (2) full, uninterrupted, ten (10) minute rest

24   break per every four (4) hours worked, in violation of the California Industrial Commission's

25   Order 1-2001.

26   　　　9.　　Defendants did not provide Plaintiff and the Plaintiff Class, All Non-Exempt

27   Employees, a full uninterrupted thirty (30) minute meal period for every five hours worked

28   and never sought a written waiver from the employees prior to depriving them of the meal

SOLOUKI | SAVOY, LLP

3

1  breaks due under the law, in violation of the California Industrial Welfare Commission's
2  Orders 1-2001.

3      10.    Defendant delivers supply chain solutions to its customers by providing
4  distribution, transportation, global logistics and real estate expertise to the commercial, retail,
5  and private sectors. Defendants are subject to California Industrial Welfare Commission
6  Wage Orders 1-2001, which are applicable to Manufacturing Industry, 8 Cal. Code Reg.
7  §11010.

8      11.    Plaintiff is informed and believes, and thereupon alleges, that during the last
9  four (4) years, not fewer than 100 individual non-exempt Employees and laborers (hereinafter
10  referred to as "All Non-Exempt Employees" or "Plaintiff Class") were employed by
11  Defendants as Non-Exempt Employees including, but not limited to, all non-exempt
12  employees at NFI factories and warehouses.

13      12.    All Non-Exempt Employees at NFI were hired to work exclusively for eight (8)
14  hours or more, counting, sorting, torching and refurbishing returns, while not being
15  compensated for all overtime hours worked or being permitted to take their full uninterrupted
16  meal and rest breaks.

17      13.    If an order or shipment were to come into Defendants' factories or warehouses,
18  then All Non-Exempt Employees, including Plaintiff and Plaintiff Class Members, were
19  required to work through rest and meal breaks, and were not permitted to leave the workplace,
20  even when their shifts had finished, until the full amount of work related duty was completed.

21      14.    Plaintiff is informed and believes, and thereupon alleges, that throughout the
22  period covered by this action, the Defendants designed and implemented a scheme that
23  required the All Non-Exempt Employees, including Plaintiff, to work long hours to complete
24  special projects and orders, whereby the All Non-Exempt Employees, including Plaintiff,
25  were discouraged from taking, and denied, meal and rest period breaks when the warehouses
26  and factories were extremely busy and had to process large orders for major clients.

27      15.    Plaintiff and Plaintiff Class Members are further informed and believe, and
28  thereupon allege, that throughout the period covered by this action, they often worked before

SOLOUKI | SAVOY, LLP

4

SOLOUKI | SAVOY, LLP

1   and after their scheduled shifts in order to complete large work orders or shipments, or to

2   prepare for or complete their daily work requirements by having meetings.  Moreover,

3   Plaintiff and Plaintiff Class Members allege that the hours they were required to work after

4   their scheduled shifts ended, in order to finish large work orders for major clients, were not

5   accurately accounted for or compensated. Plaintiff Cuevas alleges that Defendant required

6   employees to engage in a morning "huddle" whereas Defendant would instruct them on work-

7   related duties. This potential off-the-clock meeting resulted in Plaintiff and Plaintiff Class

8   Members being uncompensated for their work-related duties.

9        16.    Plaintiff and Plaintiff Class Members are further informed and believe, and

10  thereupon allege, that the time they worked before and after their scheduled shifts, in order to

11  finish large work orders for major clients were not accurately reported on their wage

12  statements.  This caused Plaintiff to be unable to properly account for the true and accurate

13  compensation owed for work performed by Plaintiff and Plaintiff Class for Defendants.

14       17.    Plaintiff and Plaintiff Class Members bring this action on behalf of themselves,

15  and on behalf of other current and former Non-Exempt Employees employed by Defendants

16  and pursuant to Business and Professions Code § 17200 et seq., on behalf of other members

17  of the general public.

18                    **CLASS ACTION ALLEGATIONS**

19  **REST PERIODS**

20       18.    While employed as Non-Exempt Employees, Plaintiff and the Plaintiff Class

21  routinely worked periods of four (4) hours or more, twice per workday, without receiving a

22  rest break.  The California Industrial Welfare Commission Order 1-2001 provides, in

23  pertinent part, that:

24              "Every employer shall authorize and permit employees to take rest

25              periods, which insofar as practicable shall be in the middle of each

26              work period. The authorized rest period time shall be based on the

27              total hours worked daily at the rate of ten (10) minutes net rest time

28              per four (4) hours or major fraction thereof.

5

19.     Defendants' practice of requiring employees to work for four (4) hours and more without a rest period is in violation of the Industrial Welfare Commission's Wage Orders, the California Labor Code and relevant laws, rules, orders, requirements and regulations of the State of California.

20.     Defendants required and permitted its employees to work without the rest periods provided by California Labor Law for more than four (4) years. Plaintiff Cuevas alleges rest breaks were not provided because they were always interrupted by managers. Oftentimes, Plaintiff and Plaintiff Class worked twelve-hour work shifts and was not provided all of their breaks by the end of their shifts. For example, no third rest break was ever given during a twelve hour day.  Plaintiff and the putative class are entitled to back wages to compensate them retroactively for all break periods of which they were deprived during the class period, plus all applicable penalties, in addition to one hour's compensation as prescribed by the applicable Wage Orders.

**MEAL PERIODS**

21.     California Wage Order 1-2001, at Paragraph 11, provides as follows:

> "(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employees.

22.     Defendants did not provide its Non-Exempt Employees, including Plaintiff and Plaintiff Class Members, a thirty (30) minute meal period for every five (5) hours worked and never sought a written waiver from the employees prior to depriving them of their meal breaks due under the various laws. Plaintiff Cuevas alleges that at least six (6) times he was only allowed to have his meal period after the fifth hour of work; and due to the commonality of the class and workload, this treatment was shared by Plaintiff Class Members. Plaintiff Cuevas also alleges that it was common and customary for him to work ten (10) hours or more, and was only provided a second meal period 20% of the time. Otherwise, a second meal

SOLOUKI | SAVOY, LLP

6

1  period was not provided to Plaintiff and Plaintiff Class Members when they worked in excess
2  of ten hours. Plaintiff alleges also, that meal periods were not provided to him or class
3  members because they were interrupted about 80% of the time by Defendant managers giving
4  instruction to employees.

5      23.     Defendants suffered and permitted its employees to work without the meal
6  periods prescribed by California Labor Law for more than four (4) years.  Plaintiff and the
7  putative class are entitled to back wages to compensate them retroactively for all meal periods
8  of which they were deprived during the class period, plus all applicable penalties, in addition
9  to one hour's compensation.

10 **FAILURE TO PAY WAGES OWED**

11     24.     While employed as Non-Exempt Employees, Plaintiff and the Plaintiff Class
12 routinely worked periods of time before and after their scheduled workdays.

13     25.     California Labor Code §204 provides that all wages, other than those mentioned
14 in 201, 201.3, 202, 204.1, and 204.2, earned by any person in any employment are due and
15 payable twice during each calendar month, on days designated in advance by the employer as
16 the regular paydays.

17     26.     Furthermore, Industrial Welfare Commission Order 1-2001 provides, in
18 pertinent part, that:

19          "Every employer shall pay to each employee, on the established
20          payday for the period involved, not less than the applicable minimum
21          wage for all hours worked in the payroll period...

22     27.     While employed as All Non-Exempt Employees, Plaintiff and the Plaintiff
23 Class were caused to not receive their full pay for all work compensated, due to the acts and
24 omissions of Defendants.  These acts and omissions in turn caused Plaintiff and Plaintiff
25 Class to not receive an amount equal to minimum wage for all hours worked, in accordance
26 with Industrial Welfare Commission Order 1-2001.

27     28.     Plaintiff and the Plaintiff Class are entitled to back pay for all of their unpaid
28 wages.

SOLOUKI | SAVOY, LLP

7

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

29.     While employed as Non-Exempt Employees, Plaintiff and the Plaintiff Class routinely worked periods of time before and after their scheduled workdays, which were not accurately accounted for on their wage statements.

30.     Under California Labor Code §226 and Industrial Wage Order 1-2001, Defendants were obligated to keep an accurate record of the hours of labor worked by Plaintiff and Plaintiff Class and to prepare and submit to Plaintiff and Plaintiff Class with each payment of wages an itemized statement accurately showing the total hours worked by Plaintiff and Plaintiff Class.

31.     Defendants, and each of them, failed to keep precise records of Plaintiff and Plaintiff Class's hours worked, and further failed to provide accurate itemized wage statements with each payment of wages to Plaintiff and Plaintiff Class as required by law. Instead, Defendants issued untimely, false, incorrect, fraudulent, and/or no wage statements to certain employees, including without limitation, Plaintiff and Plaintiff Class.

32.     Pursuant to Labor Code §226, Plaintiff and Plaintiff Class is entitled to a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof, up to a maximum amount of $4,000.00.

**SUITABILITY OF CLASS**

33.     The First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action in this Complaint are being brought, and may properly be maintained, as a class action pursuant to the provisions of California Code of Civil Procedure §382 and other applicable law, because there is a well-defined community of interest in the litigation and the proposed class is ascertainable.

34.     The proposed class that Plaintiff seeks to represent for the class action causes of action (previously and hereinafter referred to as "Plaintiff Class" or "Class Members" or "All Non-Exempt Employees") is composed of:

35.     Any and all current and former NFI Non-Exempt Employees who worked for NFI's distribution, transportation, logistics and/or real estate locations. This list *is not*

SOLOUKI | SAVOY, LLP

8

1  exhaustive and includes, but is not limited to: drivers, loaders, supply chain experts, real

2  estate personnel, handlers, forklift operators and/or any employee hired to facilitate any facet

3  of NFI's multi-operational goals. This list includes any employees who were employed at NFI

4  at any time beginning four (4) years preceding the filing of the Complaint in this action

5  through final judgment in this action.

6      36.     There is a well-defined community of interest in the litigation and the class is

7  ascertainable:

8          a.  NUMEROSITY: The Plaintiff Class is so numerous that the individual joinder

9              of all members is impractical under the circumstances of this case. While the

10             exact number persons in Plaintiff Class is unknown to Plaintiff at this time,

11             Plaintiff is informed and believe, and thereon allege, that over 100 current and

12             former Non-Exempt Employees  have been employed by Defendants at NFI

13             during the period commencing four (4) years prior to the filing of the

14             Complaint in this action, to date.

15         b.  COMMON QUESTIONS PREDOMINATE: Common questions of law and fact

16             exist as to all members of the Plaintiff Class and predominate over any

17             questions that affect only individual members of the class. The predominant

18             common questions of law and fact include:

19             i.   Whether Defendants provided Plaintiff and/or Plaintiff Class with proper

20                  Rest and Meal Periods;

21             ii.  Whether Defendants provided Plaintiff and/or Plaintiff Class with

22                  accurate earnings statements and documentation of their hours worked.

23             iii. Whether Defendants provided Plaintiff and Plaintiff Class with all wages

24                  earned when due.

25         c.  TYPICALITY: Plaintiff's claims are typical of the claims of the Plaintiff Class.

26             Plaintiff and Plaintiff Class sustained damages arising out of Defendants'

27             common practice of failing to provide meal and rest breaks, proper wage

28             statements, and proper compensation.

SOLOUKI | SAVOY, LLP

9

d.   ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff's attorneys have experience in employment and class action matters and may adequately represent the class in this matter. Plaintiff has no interest that is adverse to the interests of those in the Plaintiff Class.

e.   SUPERIORITY: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Because individual joinder of all members of the class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  The relatively minor amount of individual damages in question coupled with the expenses and burdens of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to, and burden on, the court system of adjudication of individualized litigation would be substantial and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION

FAILURE TO PAY OVERTIME WAGES [Cal. Labor Code §510(a)]

(Against All Defendants)

37.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph, as though fully set forth herein.

38.   Under California Labor Code §510(a):

"Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of

10

**COMPLAINT FOR DAMAGES**

SOLOUKI | SAVOY, LLP

1                 work in any one workweek shall be compensated at the rate of no less

2                 than one and one-half times the regular rate of pay for an employee."

3        39.      During Plaintiff and Plaintiff Class's employment with Defendants on several

4 occasions, Defendants required that Plaintiff and Plaintiff Class work, and Plaintiff and

5 Plaintiff Class actually worked, in excess of eight (8) hours in one (1) workday and in excess

6 of forty (40) hours in one (1) workweek. On such occasions, Defendants failed to pay Plaintiff

7 and Plaintiff Class at least one and one-half times their regular rate of pay for overtime hours

8 worked.

9        40.      Defendants, to this date, have not paid Plaintiff and Plaintiff Class for the

10 overtime hours they worked.

11        41.      As a proximate result of Defendants' failure to pay Plaintiff and Plaintiff Class

12 overtime, pursuant to the provisions of California Labor Code §510(a), Plaintiff and Plaintiff

13 Class have suffered losses in earnings, and other employment benefits along with other

14 incidental and consequential damages and losses, all in an amount to be proven at trial.

15        42.      As a proximate result of Defendants' failure to pay Plaintiff and Plaintiff Class

16 overtime, pursuant to the provisions of California Labor Code §510(a), Plaintiff and Plaintiff

17 Class have suffered and will continue to suffer economic damages in an amount to be proven

18 at trial.

19        43.      Pursuant to California Labor Code § 218.5, Plaintiff and Plaintiff Class requests

20 that the court award reasonable attorneys' fees and costs incurred in this action.

21        44.      Plaintiff and Plaintiff Class also seeks damages pursuant to California Labor

22 Code § 2699(f) and California Labor Code § 558.

23                           **SECOND CAUSE OF ACTION**

24           FAILURE TO ALLOW MEAL BREAKS [Cal. Labor Code §226.7]

25                         (Against All Defendants)

26        45.      Plaintiff re-alleges and incorporate by reference each and every allegation

27 contained in each and every aforementioned paragraph as though fully set forth herein.

28        46.      California Labor Code § 226.7 requires an employer to pay an additional hour

SOLOUKI | SAVOY, LLP

11

1   of compensation for each required meal period the employer fails to provide. Employees are

2   entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.

3        47.     Plaintiff consistently worked over five (5) hour shifts. Pursuant to the Labor

4   Code and Wage Order 1-2001, Plaintiff and Plaintiff Class were entitled to an uninterrupted

5   meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of

6   employment.

7        48.     Defendants failed to provide Plaintiff and Plaintiff Class with either timely

8   uninterrupted meal breaks of not less than thirty (30) minutes or to provide Plaintiff and

9   Plaintiff Class with an additional hour of compensation for each meal period missed as

10   required during the time that Plaintiff and Plaintiff Class were employed with Defendants.

11        49.     Pursuant to California Labor Code § 226.7, Plaintiff and Plaintiff Class are

12   entitled to damages of one (1) hour of wages per missed meal break, in a sum to be proven at

13   trial.

14        50.     Plaintiff and Plaintiff Class also seeks damages pursuant to California Labor

15   Code §2699(f) and California Labor Code §558.

16                       **THIRD CAUSE OF ACTION**

17           FAILURE TO ALLOW REST BREAKS [Cal. Labor Code §226.7]

18                      (Against All Defendants)

19        51.     Plaintiff re-alleges and incorporates by reference each and every allegation

20   contained in each and every aforementioned paragraph as though fully set forth herein.

21        52.     California Labor Code §226.7 requires an employer to pay an additional hour of

22   compensation for each workday where an employee fails to receive a rest period for each

23   consecutive four (4) hour shift worked. Employees are entitled to an uninterrupted net rest

24   period of at least ten (10) minutes per each consecutive four (4) hour work period or major

25   fraction thereof, after the first three and one-half (3½) hours worked in a workday.

26        53.     Plaintiff and Plaintiff Class consistently worked four (4) hour shifts. Pursuant

27   to the California Labor Code and Wage Order 1-2001, Plaintiff and Plaintiff Class are entitled

28   to an uninterrupted rest period of not less than ten (10) minutes for each consecutive four (4)

SOLOUKI | SAVOY, LLP

12

1    hour shift worked or major fraction thereof.

2        54.    Defendants failed to provide Plaintiff and Plaintiff Class with either timely

3    uninterrupted rest breaks of not less than ten (10) minutes or to provide Plaintiff and Plaintiff

4    Class with an additional hour of compensation for each rest period missed as required during

5    the time that Plaintiff and Plaintiff Class were employed with Defendants.

6        55.    Pursuant to California Labor Code § 226.7, Plaintiff and Plaintiff Class are

7    entitled to damages of one (1) hour of wages per missed rest break, in a sum to be proven at

8    trial.

9        56.    Plaintiff and Plaintiff Class also seeks damages pursuant to California Labor

10   Code § 2699 and California Labor Code § 558.

11                        **FOURTH CAUSE OF ACTION**

12              WAITING TIME PENALTIES [Cal. Labor Code §§201-203]

13                         (Against All Defendants)

14       57.    Plaintiff re-alleges and incorporates by reference each and every allegation

15   contained in each and every aforementioned paragraph as though fully set forth herein.

16       58.    Defendants' failure to pay wages, as alleged above, was willful in that

17   Defendants, and each of them, knew wages to be due but failed to pay them, thus entitling

18   Plaintiff and Plaintiff Class to penalties under California Labor Code §203, which provides

19   that an employee's wages shall continue as penalty until paid in full, for a period of up to

20   thirty (30) days from the time they were due.

21       59.    Plaintiff believes, and based thereon allege, that Defendants have failed to pay

22   Plaintiff and Plaintiff Class in a sum certain at the time of termination and have failed to pay

23   these sums for thirty (30) days thereafter.  Pursuant to the provisions of California Labor

24   Code §203, Plaintiff and Plaintiff Class are entitled to penalties in the amount of Plaintiff'

25   and Plaintiff Class' daily wages, multiplied by thirty(30) days.

26   ///

27   ///

28   ///

SOLOUKI | SAVOY, LLP

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH CAUSE OF ACTION**

FAILURE TO PAY FOR ALL HOURS WORKED WHEN DUE [Cal. Labor Code §204]

(Against All Defendants)

60.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

61.     Section 204 of the California Labor Code states that all wages, other than those mentioned in 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

62.     As described hereinabove, Defendants failed to pay Plaintiff and Plaintiff Class all wages owed for all hours worked, per pay period, in a timely manner.

63.     Defendants therefore owe damages to Plaintiff and Plaintiff Class in the amount of any remaining unpaid wages, in addition to penalties pursuant to California Labor Code §210, in the amount of $100.00 for each failure to pay Plaintiff and Plaintiff Class.

**SIXTH CAUSE OF ACTION**

FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS [Cal. Labor Code §226]

(Against All Defendants)

64.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

65.     Defendants, and each of them, were obligated under Labor Code §226 and the applicable Industrial Wage Orders, to keep an accurate record of the hours of labor worked by Plaintiff and Plaintiff Class and to prepare and submit to Plaintiff and Plaintiff Class, with each payment of wages, an itemized statement accurately showing the total hours worked by Plaintiff and Plaintiff Class.

66.     Pursuant to Labor Code § 226, Plaintiff and Plaintiff Class is entitled to a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof, up to a maximum amount of $4,000.00.

67.     In this instance, Defendants, and each of them, either prepared and submitted to

SOLOUKI | SAVOY, LLP

14

Case No.:                                 **COMPLAINT FOR DAMAGES**

1  Plaintiff and Plaintiff Class inaccurate wage statements or did not prepare and submit any

2  wage statements to Plaintiff and Plaintiff Class during the relevant statutory period and during

3  the entire term of Plaintiff' and Plaintiff Class' employment with Defendants.

### SEVENTH CAUSE OF ACTION

UNFAIR BUSINESS PRACTICES [Business & Professions Code §17200]

(Against All Defendants)

7  68.   Plaintiff re-alleges and incorporate by reference each and every allegation

8  contained in each and every aforementioned paragraph as though fully set forth herein.

9  69.   California Business and Professions Code § 17200, et seq. prohibits unlawful

10  and unfair business practices. Plaintiff is"persons" within the meaning of California Business

11  & Professions Code (hereinafter "B&P Code") § 17204, and has standing to bring this cause

12  of action for injunctive relief, restitution, and other appropriate equitable relief.

13  70.   Wage and hour laws express fundamental public policies. California Labor

14  Code §90.5(a) and §98.6 articulate the public policies of this State to enforce vigorously

15  minimum labor standards, to ensure that employees are not required or permitted to work

16  under substandard and unlawful conditions, to ensure employees are not retaliated against for

17  complaining of violations under the Labor Code, and to protect law-abiding employers and

18  their employees from competitors who lower their costs by failing to comply with minimum

19  labor standards.

20  71.   Defendants have violated statutes and public policies, as alleged throughout this

21  Complaint. Through the conduct alleged in this Complaint, Defendants have acted contrary to

22  these public policies, have violated specific provisions of the California Labor Code, and have

23  engaged in other unlawful and unfair business practices in violation of B&P Code § 17200, et

24  seq., depriving Plaintiff of the rights, benefits, and privileges guaranteed to all employees

25  under the law.

26  72.   Moreover, by not properly compensating Plaintiff and Plaintiff Class, and

27  improperly gaining extra labor by failing to provide rest and meal periods to Plaintiff and

28  Plaintiff Class, Defendants have gained an unfair business advantage over other California

SOLOUKI | SAVOY, LLP

1 | companies that follow the letter of the law and do not make such ill-gotten gains, in further

2 | violation of B&P Code § 17200.

3 | 73.   Defendants, by violating wage and hour laws as described above under the

4 | California Labor Code, either knew or in the exercise of reasonable care should have known

5 | that their conduct was unlawful.  Therefore, Defendants' conduct, as alleged herein,

6 | constitutes unfair competition and unfair business practices in violation of B&P Code §

7 | 17200, et seq.

8 | 74.   As a proximate result of the above-mentioned acts of Defendants, Plaintiff and

9 | Plaintiff Class have been damaged in a sum to be proven at trial.

10 | 75.   Unless restrained by this Honorable Court, Defendants will continue to engage

11 | in the unlawful conduct as alleged herein. Pursuant to the B&P Code, this Court should make

12 | such orders or judgments, including the appointment of a receiver, as may be necessary to

13 | prevent the use or employment, by Defendants, their agents or employees, of any unlawful or

14 | deceptive practice prohibited by the B&P Code and/or, including but not limited to,

15 | disgorgement of profits which may be necessary to restore Plaintiff and Plaintiff Class with

16 | the money Defendants have unlawfully failed to pay.

17 | 76.   WHEREFORE, Plaintiff and Plaintiff Class request relief as hereinafter

18 | provided.

26 | ///

27 | ///

28 | ///

SOLOUKI | SAVOY, LLP

16

Case No.:                                    COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Plaintiff Class pray for judgment against Defendants, and each of them, as follows:

1. For compensatory, consequential and incidental damages (including past and future lost wages, bonuses, expenses and other losses) in an amount to be proven at trial;

2. For special damages, according to proof;

3. For prejudgment interest;

4. For attorneys' fees pursuant to Labor Code §§ 218.5, 1194, and 2699, Code of Civil Procedure § 1 021.5, and all other provisions of law authorizing an award of attorney's fees;

5. For civil penalties pursuant to California Labor Code §§ 210, 226.3, 558, 1197.1, and 2699;

6. For waiting time penalties pursuant to California Labor Code§ 203;

7. For punitive damages in an amount to be proven at trial (Civil Code §3294);

8. For the costs of suit herein incurred;

9. For interest on the amount of compensation due, according to proof; and

10. For such other and further relief as this Court may deem proper.

DATED: March 22, 2018

Respectfully Submitted,

**SOLOUKI & SAVOY, LLP**

Grant Joseph Savoy, Esq.
Attorneys for Plaintiff
GASPAR CUEVAS
and CLASS MEMBERS.

SOLOUKI | SAVOY, LLP

17

Case No.:                          COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand trial by jury on all issues so triable in the Complaint.

DATED: March 22, 2018

Respectfully Submitted,

**SOLOUKI & SAVOY, LLP**

Grant Joseph Savoy, Esq.
Attorneys for Plaintiff
GASPAR CUEVAS
and CLASS MEMBERS.

SOLOUKI | SAVOY, LLP

18

Case No.:                                          **COMPLAINT FOR DAMAGES**

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Grant Joseph Savoy, Esq. (SBN 284077)<br>SOLOUKI \| SAVOY, LLP<br>316 W. 2nd Street, Suite 1200<br>Los Angeles, CA 90012<br>TELEPHONE NO.: (213)814-4940        FAX NO.: (213)814-2550<br>ATTORNEY FOR *(Name):* Plaintiff - Gaspar Cuevas | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAR 22 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Shaunya Bolden, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk, Central District

CASE NAME:
Gaspar Cuevas v. NFI Interactive Logistics, LLC, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 698831 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*  Seven (7)
5. This case [✓] is    [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 22, 2018
Grant Joseph Savoy, Esq.
_____
(TYPE OR PRINT NAME)                          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*(vertical left margin)* BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**COPY**

BY FAX

| SHORT TITLE: Gaspar Cuevas v. NFI Interactive Logistics, LLC, et al | CASE NUMBER | BC 6 9 8 8 3 1 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | Gaspar Cuevas v. NFI Interactive Logistics, LLC, et al | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Gaspar Cuevas v. NFI Interactive Logistics, LLC, et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Gaspar Cuevas v. NFI Interactive Logistics, LLC, et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases.)

| REASON: <br><br> ☑ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: <br> 11811 E Florence Ave <br> Santa Fe Springs, California 90675 |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90040 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: March 22, 2018

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL - COMPLEX

Case Number _____  BC 6 9 8 8 31

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 323 | 1707 | | | | |
| Hon. William F. Highberger | 322 | 1702 | | | | |
| Hon. John Shepard Wiley, Jr. | 311 | 1408 | | | | |
| Hon. Kenneth Freeman | 310 | 1412 | | | | |
| Hon. Ann Jones | 308 | 1415 | | | | |
| Hon. Maren E. Nelson | 307 | 1402 | | | | |
| Hon. Carolyn B. Kuhl | 309 | 1409 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | Hon. Steven J. Kleifield | 324 | CCW |
| | | | | *Provisional complex (non-class action) case assignment pending complex determination | 309 | Supervising Judge CCW |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

